

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Walker Carson
County Attorney
Hudspeth County
Sierra Blanca, Texas

Dear Sir:

Opinion No. 0-4383
Re: Liability for State taxes
and reinstatement of pur-
chase of State land after
forfeiture.

In your letter of January 27, 1942, you advise that the sale of a certain tract of school land was forfeited by the General Land Office on July 1, 1927 for non-payment of interest, and was reinstated on January 19, 1942. You request our opinion as to whether State, County, School District and Road District ad valorem taxes are collectible for the period during which the land was forfeited.

We enclose copy of our opinion No. 0-1832, wherein we expressed the view that on a similar re-instatement by the original purchaser or his assigns, he is not liable for the payment of local ad valorem taxes from the date of the forfeiture up to the date of the reinstatement. That opinion dealt only with local ad valorem taxes, but the same reasoning obviously would apply also to State ad valorem taxes. As therein pointed out, the land belongs to the State during the interim between forfeiture and reinstatement. Absent any statute or constitutional provision manifesting an intent to levy a tax on its own property, the presumption is that the State does not intend

Hon. Walker Carson – Page 2

that it shall be taxed, either by itself or its subdi-
visions. Cooley on Taxation, 4th. Ed.; Vol. 2; Sec. 621.
Our answer to your question, therefore, is a negative
one.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Glenn R. Lewis
Assistant

APPROVED FEB 5, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

GRL:BT



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN